# 574 DELANEY v. McCORMICK.

PATRICK DELANEY, RESPONDENT, v. MARY McCORMICK, MARGARET FOX, PATRICK HARNETT, ELLEN LYONS, CATHARINE HARNETT, JOHN W. WALKER, ANNIE WALKER, APPELLANTS, IMPLEADED, ETC.

*Will — bequest to " next of kin " — when the testator's son is not included in — at what period the next of kin are to be ascertained — when the court will appoint a trustee to execute a power of sale.*

October 29, 1836, John Walsh died leaving his widow, one son, James, and nephews and nieces. By his will he gave to his son the rents, issues and profits of his real estate during his natural life, and in case he married and had issue, then and thereupon he gave to him all his real estate absolutely. The fifth clause of the will provided as follows: " In case of the death of my said son James without ever having had any lawful issue, I desire my executors who shall then be surviving me, or the last survivor, to sell all my real estate, and to distribute the proceeds thereof amongst my next of kin as personal estate, according to the laws of the State of New York for the distribution of intestate personal estate," it further authorized his surviving executors or executor to sell the real estate for that purpose. The son survived his mother and died without ever having married or had issue.

*Held*, that the son was not intended to take as one of the " next of kin " under the fifth clause of the will.

That those who were the testator's next of kin at the time of the son's death were entitled to the proceeds of the sale of the real estate.

That, as all the executors had died during the life of the son, the court had power to appoint a trustee to execute the power of sale.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at Special Term.

The action was brought to procure a construction of the will of John Walsh, deceased.

John Walsh died in the city of New York on the 29th day of October, 1836. Eliza Walsh, his widow, his son James Walsh and nephews and nieces survived him. He left a will and codicil which were admitted to probate by the surrogate of New York in November, 1836. Provision, in lieu of dower, was made for the widow from both the real and personal estate, and all the rest of the personalty was given to James Walsh, the son.

The clauses of the will relating to the real estate, and the only ones on which there is any controversy, are as follows :

"*Thirdly.*— I give, devise and bequeath unto my said son James, during his natural life, all the rents, issues and profits of my real estate; and in case he marries and has lawful issue, then and in the last mentioned event, and thereupon, I give, devise and bequeath to my said son all and singular my real estate, whatsoever and wheresoever, to have and to hold the same to my said son, his heirs and assigns forever.

"*Fifthly.*— In case of the death of my said son James, without ever having had any lawful issue, I desire my executors who shall then be surviving, or the last survivor, to sell all my real estate, and to distribute the proceeds thereof amongst my next of kin, as personal estate, according to the laws of the State of New York for the distribution of intestate personal estate, and for that purpose I authorize my said surviving executors, or the last survivor, to execute good, valid and sufficient conveyances in the law to transfer said estate and vest the same in the purchaser and purchasers in fee simple."

Mrs. Walsh, the son James Walsh, and Tighe Davey were named as executors. Both Mrs. Walsh and Davey died before James Walsh. The latter died in August, 1880, never having married or had lawful issue. A trustee was appointed herein by the court below to carry into effect the unexecuted provisions of the will.

*Luke F. Cozans* and *J. Woolsey Shepard*, for the appellants Walker.

*John W. Goff*, for the appellants McCormick, Fox, Harnett and Lyons.

*John C. McGuire*, for the respondent.

Barnard, P. J.:

The fifth clause of the will could not have been framed so as to pass the proceeds of the real estate to the next of kin of the testator, who was such at testator's death. That would pass the estate to the testator's son, James, who was then the sole next of kin. I agree with the appellants that such is not the true construction of the will. James was given a life estate in the real estate in ques-

tion, with a devise absolute if he should "have lawful issue." It is only in case of the death of James without "having had any lawful issue" that the executors were directed to sell the land and distribute it as personal estate. Certainly the testator did not intend to give the whole remainder of the estate to James, as vested at the testator's death, and the time of the full possession postponed until after James Walsh's own death. The appellants claim the true intention of the testator to be drawn from this clause is that the will speaks of the testator's next of kin at his own death, excluding James. A great many authorities are cited showing that under words similiar to those in the fifth clause a legacy vested at the death of testator. The question is an exceedingly troublesome one, and the decisions upon the subject of when vesting takes place are many and not easily reconciled. In this case I think the will intends to name only those of the next of kin of the testator as were living at the death of the son James. There is no illegal trust made in the land. James had a life estate subject to an annuity to his mother. This life estate might become a fee in the lifetime of James. It was land, therefore, until James died, with a direction to turn the same *then* into personal property in case the life estate had not become a fee. The phrase "among my next of kin" means the next of kin existing at the time of the creation of the fund, which was then for the first time in a condition to pass to next of kin. If this is the correct conclusion, then it is clear that the court had power to execute the power of sale provided for in the will. The executors who had the power were dead. The execution of the power devolved upon a court of equity. It is never permitted that a valid trust shall fail of execution for the want of a trustee.

The judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.